

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 4, 1961

Honorable P. Frank Lake
Secretary of State
Austin, Texas

Dear Mr. Lake:

Opinion No. WW-1205

Re: Applicability of certain statutes
to dissolution of a domestic
railroad corporation and related
questions.

Your questions concern generally the law applicable to certain procedures pertaining to railroad corporations, your request reading, in part, as follows:

"1. What statutes are applicable to the dissolution of a domestic railroad corporation?

"I have been unable to find any provisions in Title 112 of the Revised Civil Statutes of Texas expressly providing for the dissolution of railroad corporations. Proposed dissolution papers have been submitted by the Texas and New Orleans Railroad Company purportedly in conformity with the provisions of paragraph (3) of Article 1387, V.C.S. It should be noted in this connection that Article 1387 was expressly repealed by House Bill 137, Acts 57th Legislature, Regular Session, 1961, (Chapter 229, page 458, Vernon's Texas Session Law Service). It should also be noted that Articles 2.01B(4)(e) and 9.14A of the Business Corporation Act expressly provides that the Act is not applicable to railroad companies.

"2. If you hold in answer to question No. 1 above that a certificate of dissolution may be issued or that articles of dissolution may be filed in this office, then what statutory filing fee should be charged for issuing such certificate or filing such corporate dissolution papers?

"It should be noted that the provisions of Article 3914 V.C.S. providing for a filing fee of $200 for filing a charter amendment or supplement thereto of a railroad corporation was deleted from the provisions of Article 3914 as amended

by House Bill 139, Acts 57th Legislature, Regular Session, 1961 (Chapter 230, page 463, Vernon's Texas Session Law Service).

"3.  What statutory filing fee should be charged by this office for (a) filing articles of incorporation under Article 6262 and (b) filing amendments to articles of incorporation of railroad companies submitted pursuant to the provisions of Article 6271?"

Article 9.14 of the Texas Business Corporation Act, as amended, provides, in part, as follows:

"A.  This Act does not apply to domestic corporations organized for the purposes of operating banks, trust companies, building and loan associations or companies, insurance companies of every type or character that operate under insurance laws of this State and corporate attorneys in fact for reciprocal or inter-insurance exchanges, railroad companies, . . .; provided, however, that if any of said excepted domestic corporations were heretofore or are hereafter organized under special statutes which contain no provisions in regard to some of the matters provided for in this Act, . . . then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes."

We have recently held, with respect to insurance companies, that Article 9.14 means exactly what it says, that is that the provisions of the Texas Business Corporation Act supplement the provisions of the statutes regulating special corporations as to any matter on which the special statutes are silent.  WW-906, WW-905.  We see no reason why the same rule should not be applied to railroad companies.  This conclusion is strengthened by Article 1.03 of the Texas Miscellaneous Corporation Laws Act, Acts 1961, 57th Leg., R.S., p. 408, ch. 205, passed at the same time as the repeal of Article 1387, which provides, in part, as follows:

"A.  All corporations shall, to the extent not inconsistent with any special statute pertaining to a particular corporation, be governed

"(1)  by the Texas Business Corporation Act, as amended, if organized for profit, and

"(2) by the Texas Non-Profit Corporation Act, as amended, if organized not for profit.

"B.  This Act shall govern all foreign and domestic corporations including but without being limited to those corporations heretofore or hereafter organized or granted a permit to do business under any Statute of the State, including the Texas Business Corporation Act, or the Texas Non-Profit Corporation Act, except to the extent that any provisions of this Act are expressly made inapplicable by any provision of the Texas Business Corporation Act, the Texas Non-Profit Corporation Act, or any special Statute of this State pertaining to a particular type of corporation."

Since there are no special provisions regulating the dissolution of a domestic railroad corporation, the provisions of the Texas Business Corporation Act, relative to dissolution, become applicable. Obviously, Article 1387, R.C.S., having been repealed, Acts 57th Leg., R.S. 1961, p. 458, ch. 229, it is no longer, if it were ever, applicable.

Your second question pertains to the proper fee to be charged for issuing certificates of dissolution or filing such corporate dissolution papers in connection with railroad corporations. Since the special provisions, previously contained in Article 3914, R.S., pertaining to the fees to be charged railroad corporations, have been repealed and there are now no special provisions relating to such matters, the amount of the fees is governed by Article 10.01 of the Texas Business Corporation Act. The same statutory provisions govern the matters set forth in your third question since there are no special statutory provisions as to such matters.

## SUMMARY

Since there are no special statutory provisions regulating the procedure for the dissolution of a railroad company, the provisions of the Texas Business Corporation Act will apply to such a proceeding. Similarly, since there are no provisions with respect to the filing fees to be charged by the Secretary of State in connection with the dissolution, or in connection with the filing of articles of

incorporation or articles of amendments for railroad companies, the amount of such fees is governed by the Texas Business Corporation Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Fred B. Werkenthin_
Fred B. Werkenthin
Assistant Attorney General

FBW/pe

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Dudley D. McCalla
Pat Bailey
Marvin Thomas
W. O. Schultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:      Houghton Brownlee, Jr.